HONORABLE THOMAS S. ZILLY

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NATIONAL PRODUCTS INC., <br><br> Plaintiff, <br><br> v. <br><br> SCOPE MOUNTED ELECTRONICS, LLC, ATTACHIT, LLC, and APPLE CREEK WHITETAILS LLC, <br><br> Defendants. | Case No. 2:17-cv-00014-TSZ <br><br> **CONSENT JUDGMENT** |

THIS MATTER came before the Court on the joint submission by Plaintiff National Products, Inc. ("NPI") and Defendants Scope Mounted Electronics LLC ("Scope Mounted"), AttachIt, LLC ("AttachIt"), and Apple Creek Whitetails LLC ("Apple Creek") (collectively, "Defendants"), docket no. 32, of this Consent Judgment. The parties have had ample opportunity to assess the relevant facts and applicable law during the pendency of this lawsuit. Further, the judgment entered on March 14, 2018 in the case entitled *National Products Inc. v. Arkon Resources, Inc.*, Case 2:15-cv-01553-JPD (W.D. Wash.) (the "Arkon case"), is dispositive of several of the issues in this lawsuit. A copy of that judgment is attached hereto as Exhibit A. Accordingly, **the parties stipulate to the following:**

1.  Plaintiff NPI is a Washington State corporation with its principal place of business at 8410 Dallas Avenue S., Seattle, WA 98108. NPI is in the business of manufacturing and selling mounting systems under the RAM and RAM MOUNTS product lines.

CONSENT JUDGMENT - 1 -
Case No. 2:17-cv-00014- TSZ

FENWICK & WEST LLP
1191 SECOND AVENUE, 10TH FLOOR
SEATTLE, WASHINGTON 98101
TELEPHONE 206.389.4510
FACSIMILE 206.389.4511

2. Defendant Scope Mounted is a Wisconsin limited liability company with its principal place of business at 7346 Darlin Ct. Suite 11, Dane, Wisconsin 53529-9662.

3. Defendants AttachIt and Apple Creek are Wisconsin limited liability companies having their principal place of business at 14109 County Trunk, VV, Gillett, WI 54124.

4. NPI is the owner of United States Trademark Reg. No. 2,629,952, a certificate of which is attached hereto as Exhibit B ("Registered RAM Trademark").

5. NPI is the owner of United States Trademark Reg. No. 4,254,086, a certificate of which is attached hereto as Exhibit C, which covers the three-dimensional configuration of a double-socket mount arm that is tapered in the middle like an hourglass ("Registered Hourglass Shape Trademark").

6. NPI filed this action against Defendants on January 5, 2017, alleging seven causes of action, including infringement of the Registered RAM Trademark and the Registered Hourglass Shape Trademark (the "Action").

7. In their Amended Answer, Defendants denied that the Registered RAM Trademark and the Registered Hourglass Shape Trademark are valid or infringed.

8. Defendants have advertised, marketed, distributed, and/or sold products for mounting smartphones or other electronic devices that include hourglass shape double socket mount arms purchased originally from NPI. These products include but are not limited to: the Magnetic Spotting Scope Mount, the Mark II – Magnetic Smartphone Scope Mount, Mark II – Magnetic Smartphone Scope Mount w/ Magnetic Phone Case, Mark II – Magnetic Smartphone Scope Mount w/ Magnetic Phone Case and Vehicle Suction Cup Mount, the Smartphone Scope Mount Mark II, the Mark III – Magnetic Smartphone Scope Mount, the Mark III – Magnetic Smartphone Scope Mount w/ Magnetic Phone Case and Vehicle Suction Cup Mount, Mark III – Magnetic Smartphone Scope Mount w/ Magnetic Phone Case, the Attach It Claw Mount Package, the Claw Mount w/ Attach It Magnet, the RAM® Tough-Claw Mount with Attach Magnet system, the SPORTSMAN Package, the ANYWHERE Package, the Attach It Anywhere Package, the Suction Cup Mount with Attach It Magnet, the 2" Arm Extension, the RAM®

CONSENT JUDGMENT - 2 -
Case No. 2:17-cv-00014- TSZ

FENWICK & WEST LLP
1191 SECOND AVENUE, 10TH FLOOR
SEATTLE, WASHINGTON 98101
TELEPHONE 206.389.4510
FACSIMILE 206.389.4511

PLASTIC DBL SOCKET ARM B BALL A LNG (RAP-B-201U-A), the 3" Arm Extension, the RAM® Double Socket Arm for 1" BALL (RAP-B-201U), the Round Base Surface Mount, the RAM® 2.5" DIA. BASE WITH 1" BALL (RAP-B-202U), the Diamond Base Surface Mount, the RAM® 2.5" x 15/16" BASE W/ BALL (RAP-B-238U), and the Trail Camera Attach It Mount.

9. On at least some of the hourglass shape double socket mount arms purchased originally from NPI, Defendants removed and/or replaced NPI's Registered RAM Trademark(s) ("Altered RAM Products"). Defendants contend that they have not sold any of the Altered RAM Products.

10. Defendants have also advertised, marketed, distributed, and/or sold products for mounting smartphones or other electronic devices that include hourglass shape double socket mount arms purchased originally from NPI but which are materially different from RAM products by virtue of, for example, removal or alteration of warranty coverage, differences in labeling, packaging, and marketing materials, and/or combination with other components ("Materially Different RAM Products").

11. Defendants have also advertised, marketed, distributed, and/or sold products for mounting smartphones or other electronic devices that include hourglass shape double socket mount arms purchased from Arkon Resources, Inc., which bear an hourglass shape and which were found to be infringing in *National Products Inc. v. Arkon Resources, Inc.*, Case 2:15-cv-01553-JPD (W.D. Wash.) ("Infringing Hourglass Products"). These products include but are not limited to: the VEHICLE Package, the Suction Cup Mount with Attach It Magnet, and the Attach It Suction Cup Mount Package.

12. The Altered RAM Products, the Materially Different RAM Products, and the Infringing Hourglass Products (hereafter referred to as the "Accused Products") infringe NPI's registered trademarks and/or otherwise violate NPI's intellectual property rights or other statutory or common law provisions.

CONSENT JUDGMENT - 3 -
Case No. 2:17-cv-00014- TSZ

FENWICK & WEST LLP
1191 SECOND AVENUE, 10TH FLOOR
SEATTLE, WASHINGTON 98101
TELEPHONE 206.389.4510
FACSIMILE 206.389.4511

13. Defendants admit and irrevocably waive the right to contest that the Registered RAM Trademark and the Registered Hourglass Shape Trademark are valid and enforceable for the Accused Products and all past, present, and future products.

14. This Consent Judgment shall finally conclude and dispose of this litigation. As to all parties, this Judgment shall be given issue preclusive and claim preclusive effect in future litigation or Patent and Trademark Office proceedings relating to the Registered RAM Trademark or the Registered Hourglass Shape Trademark. The parties explicitly intend such issue preclusion and claim preclusion effects to extend to the issues of validity and enforceability of the Registered RAM Trademark and the Registered Hourglass Shape Trademark, whether raised in a court proceeding, Patent and Trademark Office proceeding, or other dispute even with respect to materially different products.

**THE COURT ORDERS as follows:**

A. Each party is to bear its own costs and attorneys' fees incurred in this litigation.

B. In view of NPI's agreed rights to enforce the Registered RAM Trademark and Registered Hourglass Shape Trademark, Defendants are hereby enjoined from infringing NPI's Registered RAM Trademark or NPI's Registered Hourglass Shape Trademark, including by importing, purchasing, advertising, marketing, selling, or otherwise disposing of the Accused Products. Defendants shall also remove all advertising, including videos on Facebook and YouTube posted by Defendants or by persons or entities under any Defendant's control, reflecting the Altered RAM Products, the Materially Different RAM Products, or the Infringing Hourglass Products, including the following videos:

```
https://www.facebook.com/applecreekranch/videos/1089455964432872
https://www.youtube.com/watch?v=4R9LomxuGtA
https://www.youtube.com/watch?v=kb5dDc5B5ao
https://www.youtube.com/watch?v=noIDoQh88vs
https://www.youtube.com/watch?v=9Glpz11VrTg
https://www.youtube.com/watch?v=N3RqTqap3aw
https://www.youtube.com/watch?v=0ECmwdT8AtE
https://www.youtube.com/watch?v=ZGfOcQBK87Q
https://www.youtube.com/watch?v=c0DXioxv4S0
https://www.youtube.com/watch?v=BzYTjCppbX4
```

CONSENT JUDGMENT - 4 -
Case No. 2:17-cv-00014- TSZ

FENWICK & WEST LLP
1191 SECOND AVENUE, 10TH FLOOR
SEATTLE, WASHINGTON 98101
TELEPHONE 206.389.4510
FACSIMILE 206.389.4511

https://www.youtube.com/watch?v=5al-kS7lWho
https://www.youtube.com/watch?v=ZoKa2o4V7BU
https://www.youtube.com/watch?v=92UXn2cZCao
https://www.youtube.com/watch?v=y5y5lyTevq0
https://www.youtube.com/watch?v=CcTYM-nawIg
https://www.youtube.com/watch?v=h4ML7Cg1jTs
https://www.youtube.com/watch?v=YsMdro2Ex-c
https://www.youtube.com/watch?v=92UXn2cZCao
https://www.youtube.com/watch?v=FKAQ5T45xks
https://www.youtube.com/watch?v=M9d9BACsXdI

C. No party to this Consent Judgment may appeal the Consent Judgment. Instead, all parties knowingly, intentionally, willingly, and explicitly waive their right to appeal this Consent Judgment.

D. This Consent Judgment finally concludes and disposes of all the claims by NPI against Defendants in this Action **with prejudice** and **on the merits**.

The Clerk is directed to send a copy of this Consent Judgment to all counsel of record and to CLOSE this case.

**IT IS SO ORDERED.**

Dated: May 29, 2018.

Thomas S. Zilly
United States District Judge

FENWICK & WEST LLP
1191 SECOND AVENUE, 10TH FLOOR
SEATTLE, WASHINGTON 98101
TELEPHONE 206.389.4510
FACSIMILE 206.389.4511

Respectfully submitted,

Dated: May 14, 2018

FENWICK & WEST LLP

By: s/*David K. Tellekson*
David K. Tellekson (WSBA No. 33523)
Ewa M. Davison (WSBA No. 39524)
Elizabeth B. Hagan (WSBA No. 46933)
Jessica M. Kaempf (WSBA No. 51666)
1191 Second Avenue, 10th Floor
Seattle, WA 98101
Telephone: 206.389.4510
Facsimile: 206.389.4511
Email: dtellekson@fenwick.com
edavison@fenwick.com
ehagan@fenwick.com
jkaempf@fenwick.com

*Attorneys for Plaintiff*
*National Products Inc.*

Dated: May 14, 2018

SCHWABE, WILLIAMSON & WYATT, P.C.

By: s/*Matthew Turetsky*
Matthew Turetsky (WSBA No. 23611)
Troy D. Greenfield (WSBA No. 21578)
Scott D. Eads (admitted *pro hac vice*)
1420 Fifth Avenue, Ste. 3400
Seattle, WA 98101-4010
Telephone: 206.689.1222
Facsimile: 206.292.0460
Email: mturetsky@schwabe.com
tgreenfield@schwabe.com
seads@schwabe.com

*Attorneys for Defendants*
*Scope Mounted Electronics LLC; Attachit, LLC; and Apple Creek Whitetails LLC*

CONSENT JUDGMENT
Case No. 2:17-cv-00014- TSZ

- 6 -

FENWICK & WEST LLP
1191 SECOND AVENUE, 10TH FLOOR
SEATTLE, WASHINGTON 98101
TELEPHONE 206.389.4510
FACSIMILE 206.389.4511

# EXHIBIT A

# United States District Court
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

NATIONAL PRODUCTS, INC.,

    Plaintiff,

v.

ARKON RESOURCES, INC.,

    Defendant.

**AMENDED JUDGMENT IN A CIVIL CASE**

Case No. C15-1553-JPD

__X__    **Jury Verdict**. This action came before the Court for a trial by jury. The issues have been tried and the jury has rendered its verdict.

_____    **Decision by Court**. This action came to consideration before the Court. The issues have been considered and a decision has been rendered.

IT IS ORDERED AND ADJUDGED:

On December 8, 2017, the Jury in this case found that plaintiff National Products, Inc.'s registered trade dress was valid, and that defendant Arkon Resources, Inc. infringed the plaintiff's registered trade dress. The Jury found in favor of defendant on plaintiff's Washington Consumer Protection Act claim. The Jury awarded plaintiff money damages in the amount of $193,598, and found that defendant's infringement of plaintiff's registered trade dress was deliberate or willful. The Court denied Arkon's motion for a new trial conditional upon NPI accepting a remittitur reducing the damages award from $193,598 to $167,239.55. NPI accepted the Court's remittitur. Accordingly, NPI is entitled to $167,239.55 in money damages.

Dated this 14th day of March, 2018.

WILLIAM M. McCOOL
Clerk

s/ Tim Farrell
Deputy Clerk

# EXHIBIT B

Int. Cls.: **6 and 20**

Prior U.S. Cls.: **2, 12, 13, 14, 22, 23, 25, 32 and 50**

Reg. No. 2,629,952

United States Patent and Trademark Office   Registered Oct. 8, 2002

## TRADEMARK
### PRINCIPAL REGISTER

## RAM

NATIONAL PRODUCTS, INC. (WASHINGTON CORPORATION)
1017 SOUTH ELMGROVE STREET
SEATTLE, WA 98108

FOR: UNIVERSAL MOUNTING LINKAGES COMPRISING A BASE AND GASKET, A BALL AND ARM WITH SOCKET, BOLTS, SPRINGS, WASHERS AND THREADED TIGHTENING KNOB, MADE PRIMARILY OF METAL, TO BE USED WITH A VARIETY OF CUSTOM COMPONENTS TO MOUNT A WIDE VARIETY OF ITEMS FROM ELECTRONIC DEVICES TO FISHING ROD HOLDERS, IN CLASS 6 (U.S. CLS. 2, 12, 13, 14, 23, 25 AND 50).

FIRST USE 4-1-1995; IN COMMERCE 4-1-1995.

FOR: UNIVERSAL MOUNTING LINKAGES COMPRISING A BASE AND GASKET, A BALL AND ARM WITH SOCKET, BOLTS, SPRINGS, WASHERS AND THREADED TIGHTENING KNOB, MADE PRIMARILY OF NON-METAL, TO BE USED WITH A VARIETY OF CUSTOM COMPONENTS TO MOUNT A WIDE VARIETY OF ITEMS FROM ELECTRONIC DEVICES TO FISHING ROD HOLDERS, IN CLASS 20 (U.S. CLS. 2, 13, 22, 25, 32 AND 50).

FIRST USE 4-1-1995; IN COMMERCE 4-1-1995.

OWNER OF U.S. REG. NOS. 2,322,906 AND 2,349,277.

SER. NO. 76-045,715, FILED 5-8-2000.

MARY BOAGNI, EXAMINING ATTORNEY

# EXHIBIT C

# United States of America
## United States Patent and Trademark Office



**Reg. No. 4,254,086**
**Registered Dec. 4, 2012**
**Int. Cls.: 6 and 12**

**TRADEMARK**
**PRINCIPAL REGISTER**

NATIONAL PRODUCTS, INC. (WASHINGTON CORPORATION)
8410 DALLAS AVE. S.
SEATTLE, WA 98108

FOR: METAL UNIVERSAL MOUNTS COMPRISING A BASE, ARMS WITH SOCKETS, BALLS, BOLTS AND TIGHTENERS, TO BE USED WITH A VARIETY OF CUSTOM COMPONENTS TO MOUNT A WIDE VARIETY OF ITEMS, NAMELY, ELECTRONIC DEVICES AND SPORTING EQUIPMENT; PARTS FOR THE AFOREMENTIONED GOODS, NAMELY, DOUBLE-SOCKET METAL MOUNT ARMS, IN CLASS 6 (U.S. CLS. 2, 12, 13, 14, 23, 25 AND 50).

FIRST USE 0-0-1992; IN COMMERCE 0-0-1992.

FOR: MOUNTS FOR ELECTRONIC DEVICES AND SPORTING EQUIPMENT SPECIALLY ADAPTED FOR USE IN VEHICLES, IN CLASS 12 (U.S. CLS. 19, 21, 23, 31, 35 AND 44).

FIRST USE 0-0-1992; IN COMMERCE 0-0-1992.

THE MARK CONSISTS OF A THREE-DIMENSIONAL CONFIGURATION OF A DOUBLE-SOCKET MOUNT ARM THAT IS TAPERED IN THE MIDDLE LIKE AN HOURGLASS. THE DOTTED LINES OUTLINING THE ENDS OF THE MOUNT AND THE ADJUSTMENT KNOB INDICATE PLACEMENT OF THE MARK ON THE GOODS AND ARE NOT PART OF THE MARK.

SEC. 2(F).

SER. NO. 85-632,977, FILED 5-23-2012.

ELIZABETH KAJUBI, EXAMINING ATTORNEY



Director of the United States Patent and Trademark Office

## REQUIREMENTS TO MAINTAIN YOUR FEDERAL TRADEMARK REGISTRATION

**WARNING: YOUR REGISTRATION WILL BE CANCELLED IF YOU DO NOT FILE THE DOCUMENTS BELOW DURING THE SPECIFIED TIME PERIODS.**

**Requirements in the First Ten Years***
**What and When to File:**

> *First Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) between the 5th and 6th years after the registration date. *See* 15 U.S.C. §§1058, 1141k. If the declaration is accepted, the registration will continue in force for the remainder of the ten-year period, calculated from the registration date, unless cancelled by an order of the Commissioner for Trademarks or a federal court.

> *Second Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) **and** an Application for Renewal between the 9th and 10th years after the registration date.*
> *See* 15 U.S.C. §1059.

**Requirements in Successive Ten-Year Periods***
**What and When to File:**

> You must file a Declaration of Use (or Excusable Nonuse) **and** an Application for Renewal between every 9th and 10th-year period, calculated from the registration date.*

**Grace Period Filings***

The above documents will be accepted as timely if filed within six months after the deadlines listed above with the payment of an additional fee.

**The United States Patent and Trademark Office (USPTO) will NOT send you any future notice or reminder of these filing requirements.**

*****ATTENTION MADRID PROTOCOL REGISTRANTS:** The holder of an international registration with an extension of protection to the United States under the Madrid Protocol must timely file the Declarations of Use (or Excusable Nonuse) referenced above directly with the USPTO. The time periods for filing are based on the U.S. registration date (not the international registration date). The deadlines and grace periods for the Declarations of Use (or Excusable Nonuse) are identical to those for nationally issued registrations. *See* 15 U.S.C. §§1058, 1141k. However, owners of international registrations do not file renewal applications at the USPTO. Instead, the holder must file a renewal of the underlying international registration at the International Bureau of the World Intellectual Property Organization, under Article 7 of the Madrid Protocol, before the expiration of each ten-year term of protection, calculated from the date of the international registration. *See* 15 U.S.C. §1141j. For more information and renewal forms for the international registration, see http://www.wipo.int/madrid/en/.

**NOTE: Fees and requirements for maintaining registrations are subject to change. Please check the USPTO website for further information. With the exception of renewal applications for registered extensions of protection, you can file the registration maintenance documents referenced above online at** http://www.uspto.gov.